IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. PD-1596-12




JAMES GARZA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Alcala, J., filed a concurring opinion in which Johnson and Cochran, JJ.,
joined.


CONCURRING OPINION 



 I conclude that James Garza, appellant, whose claim reaches this Court on direct
appeal, did not forfeit his complaint by failing to object at trial on the basis of a constitutional
rule that had not yet been established at the time of his trial. Although it reaches the same
conclusion, the majority opinion does so through an alternative analysis that I believe is
unnecessary for resolving this appeal and that appears to suggest that the preservation-of-error requirements applicable on direct appeal are identical to those required for obtaining
habeas corpus relief, a principle that I disagree has been definitively established. I, therefore,
concur only in this Court's judgment.

I. Miller v. Alabama's New Constitutional Rule Applies to Direct-Appeal Cases

 Appellant's trial began in November 2011; his motion for new trial was filed in
December 2011; and the Supreme Court decided Miller v. Alabama in June 2012, while this
case remained pending on direct appeal. See Miller v. Alabama, 132 S. Ct. 2455 (2012);
Garza v. State, No. 04-11-00891-CR, 2012 WL 5236048, at *1 (Tex. App.--San Antonio
Oct. 24, 2012) (mem. op., not designated for publication). In Miller, for the first time, the
Supreme Court held that the punishment of mandatory life without parole for those under the
age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on
cruel and unusual punishments. See Miller, 132 S. Ct. at 2469; U.S. Const. amends. VIII,
XIV. Finding no precedent directly on point, the Supreme Court observed in Miller that "the
confluence of . . . two lines of precedent leads to the conclusion that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." See Miller, 132 S. Ct. at
2464. One line of precedent barred capital punishment for children, while the other
prohibited life without parole for a child who committed a "nonhomicide offense." Id. at
2470 (citing Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011 (2010); Roper v. Simmons, 543
U.S. 551, 125 S. Ct. 1183 (2005); Thompson v. Oklahoma, 487 U.S. 815, 108 S. Ct. 2687
(1988)). Following Miller, this Court recently held in Ex parte Maxwell that the Miller
decision is "a 'new substantive rule' that puts a juvenile's mandatory 'life without parole'
sentence outside the ambit of the State's power." Ex parte Maxwell, 424 S.W.3d 66, 75
(Tex. Crim. App. 2014) (emphasis original).

 Because the present case is on direct appeal, this Court must apply the constitutional
ruling in Miller to this case. The record shows that, during the trial proceedings, the parties
represented to the jury and court that appellant was seventeen years of age at the time of the
offense. The Supreme Court has observed that the "failure to apply a newly declared
constitutional rule to criminal cases pending on direct review violates basic norms of
constitutional adjudication." Teague v. Lane, 489 U.S. 288, 304, 109 S. Ct. 1060, 1072
(1989) (citing Griffith v. Kentucky, 479 U.S. 314, 322, 107 S. Ct. 708, 713 (1987))
(quotations omitted). Thus, "'the integrity of judicial review' requires the application of the
new rule to 'all similar cases pending on direct review.'" Id. (quoting Griffith, 479 U.S. at
323, 107 S. Ct. at 713).

 Ordinarily, a defendant waives a complaint that had not been preserved at trial based
on an alleged violation of the Eighth Amendment's prohibition on cruel and unusual
punishments. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); U.S.
Const. amends. VIII, XIV. I conclude, however, that in light of this Court's decision in
Maxwell that the Miller decision puts a juvenile's mandatory life-without-parole sentence
"outside the ambit of the State's power," that, at least for these cases that are presented on
direct review, this type of complaint is not subject to ordinary principles of waiver or
procedural default. Maxwell, 424 S.W.3d at 75; see also Gutierrez v. State, 380 S.W.3d 167,
176 (Tex. Crim. App. 2012) ("a state trial court may no more order a convicted defendant to
leave the State than it may punish him with a sentence that is beyond the statutorily
applicable range of punishment"). A defendant "cannot agree to submit to [a punishment]
that the criminal justice system simply finds intolerable and which is therefore, by definition,
not even an option available to the parties." Gutierrez, 380 S.W.3d at 175-76. Taking these principles in mind, I would hold that, because the constitutional rule at
issue had not been established at the time of appellant's trial, his counsel's failure to object
did not forfeit his complaint on that basis. Furthermore, because this case is on direct appeal,
appellant is entitled to the benefit of the new rule of constitutional law. 

II. Conclusion

 I respectfully concur only in this Court's judgment.


Filed: June 11, 2014

Publish